ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:17CR 135 <br> Judge Mazzant |
| BRET LERNER | § | |

## PLEA AGREEMENT

The defendant, **Bret Lerner**, the defendant's attorney, **David Gerger**, and the United States Attorney for the Eastern District of Texas agree to the following pursuant to Fed. R. Crim. P. 11(c)(1)(C):

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 1955, Prohibition of Illegal Gambling Business. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees

that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. ~~COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:~~ The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the plea entered pursuant to this ~~agreement if the sentence is higher than expected, so long as it is within the statutory~~

~~maximum. The defendant understands that the actual sentence to be imposed is solely~~ in ~~the discretion of the Court.~~

5. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the following sentence is exclusively and appropriately reflective of the interests of the government, the defendant, and any victims of the offense, as well as the interest of justice:

    a.    The defendant will serve a term of probation for a period of thirty-six months and will comply with comply with any terms of probation as determined by the Court and by Probation and Pretrial Services.

    b.    The defendant will pay a mandatory special assessment of $100.00 at or prior to the sentencing hearing.

    c.    The defendant will pay any restitution as ordered by the Court and pursuant to paragraph 7 of this agreement.

    d.    The defendant agrees to the forfeiture of certain property as set forth in paragraph 8. The defendant further agrees to withdraw or dismiss all claims to and waives any further rights to or proceedings relative to ownership of prohibited or previously seized, except those that the parties have agreed will be returned, if any.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given an opportunity to withdraw from the plea.

6. **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete testimony or information concerning his participation in the offense of conviction as well as any knowledge of other criminal activities, he may be entitled to a reduction in his offense level under

§ 3E1.1 of the Sentencing Guidelines if applicable. Further, the defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed. Failure to comply with this section can result in additional prosecution for the charges identified in paragraph 2 of the plea agreement and for any other federal offenses that the defendant may have committed. Additionally, upon such failure, the government may use any of the defendant's statements or leads derived therefrom against the defendant in any proceeding.

7. **RESTITUTION:** The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

*In this case, parties agree there is no restitution.*

8.  **FORFEITURE**: The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1)(c) and 28 U.S.C. § 2461.

a.  $861,578.13 in gambling proceeds previously seized.

The defendant agrees that the property described in subparagraph [a] is subject to forfeiture to the government pursuant to the aforementioned statute because the property constitutes proceeds traceable, directly or indirectly, to the illegal activity described in the indictment. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant

agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

9. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

10. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free

Plea Agreement – Page 6
Rev. 7/25/16

from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

11.   **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

12.   **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

13.   **WAIVER OF RIGHT TO RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14.   **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with

Dated: 7/19/17

_____
M. ANDREW STOVER
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 6-20-17

_____
BRET LERNER
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 6/26/17

_____
DAVID GERGER
Attorney for Defendant